UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN M. VINCENT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | No. 1:19-cv-00577-JMS-TAB |
| | ) | |
| REX A. VOILS D/B/A | ) | |
| REX VOILS HOMES, | ) | |
| *Defendant.* | ) | |

## ORDER

Presently pending before the Court is Plaintiff Brian M. Vincent's Motion to Dismiss Counterclaim, [Filing No. 11]. Mr. Vincent seeks dismissal of Defendant Rex A. Voils's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court agrees that Mr. Voils's Counterclaim does not arise out of a common nucleus of operative fact with Mr. Vincent's Complaint and therefore falls outside of the Court's supplemental jurisdiction. Accordingly, as explained below, the Court **GRANTS** Mr. Vincent's Motion to Dismiss Counterclaim.

## I.
### LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When deciding a motion to dismiss under Rule 12(b)(1), the Court accepts the allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter

jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II.
### BACKGROUND

On February 6, 2019, Mr. Vincent filed a Complaint against Rex A. Voils d/b/a Rex Voils Homes, asserting a Fair Standards Labor Act ("FLSA") claim for alleged unpaid regular and overtime wages. [Filing No. 1 at 1.] Mr. Vincent alleges that Mr. Voils was his employer and that Mr. Voils failed to withhold payroll taxes, failed to pay the employer's portion of Social Security and Medicare taxes, failed to make unemployment insurance compensation payments, and failed to return Mr. Vincent's personal property. [Filing No. 1 at 1; Filing No. 1 at 3.]

On March 26, 2019, Mr. Voils filed a Counterclaim asserting claims for intentional infliction of emotional distress ("IIED") and defamation. [Filing No. 10 at 4-5.] Mr. Voils alleges that Mr. Vincent has intentionally and maliciously taunted, ridiculed, and threatened Mr. Voils via text messages, all while Mr. Voils has been suffering from cancer. [Filing No. 10 at 4.] The text messages from Mr. Vincent to Mr. Voils's brother discuss Mr. Voils and include statements such as, "[Mr. Voils's] crooked ways need extinguished. I'm doing that, and won't stop until he's 6 feet under. . . . [Mr. Voils] is about to write the biggest check of his life…..im [sic] out to destroy him. I won't stop. It's a race between me, and cancer." [Filing No. 14-1 at 2-3.] Mr. Voils also alleges that Mr. Vincent has made defamatory statements about Mr. Voils that were intended to demean Mr. Voils and "impute misconduct by [Mr. Voils] in his course of business." [Filing No. 10 at 4.]

On April 2, 2018, Mr. Vincent filed the pending Motion to Dismiss Counterclaim, seeking the dismissal of Mr. Voils's Counterclaim based on lack of subject matter jurisdiction or, in the alternative, failure to state a claim. [Filing No. 11.]

2

# III.
## DISCUSSION

In his memorandum in support of his motion, Mr. Vincent acknowledges that this Court has original jurisdiction over his FLSA claim. [Filing No. 12 at 2.] However, Mr. Vincent asserts that this Court does not have supplemental jurisdiction over Mr. Voils's defamation and IIED claims because they do not constitute part of the same case or controversy as Mr. Vincent's FLSA claim, due to those claims having not arisen from a common nucleus of operative fact.[1] [Filing No. 12 at 2-3.] Mr. Vincent argues that, on the face of the Counterclaim, there is no connection between his FLSA claim and Mr. Voils's claims for IIED and defamation. [Filing No. 12 at 3.]

In response, Mr. Voils argues that the Counterclaim has a "sufficient nexus" to the FLSA claim because Mr. Vincent's statements and conduct forming the basis for the IIED and defamation claims show the nature of the relationship between the parties and the character of Mr. Vincent. [Filing No. 14 at 3.] Mr. Voils attached to his response brief the two text messages sent by Mr. Vincent described above[2], and he argues that the statements in these text messages "relate to why [Mr. Vincent] is no longer working for Voils, and are important in any consideration of the veracity of Vincent's statements, behavior and allegations." [Filing No. 14 at 2.]

Mr. Vincent did not file a reply brief.

Section 1367 grants courts "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Two

---

[1] Mr. Vincent uses this same argument while purportedly invoking Rule 12(b)(6), but that provision allows court to dismiss claims failing to state a claim for relief, not based upon jurisdictional defects. [Filing No. 12 at 3.] Because the Court agrees that it lacks subject matter jurisdiction over Mr. Voils's defamation and IIED claims, it will not address the merits of Mr. Vincent's Rule 12(b)(6) argument.

[2] The full text messages are found at Filing No. 14-1 at 2-3.

3

claims are part of the same case or controversy if they derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). "Different causes of action between the same parties that arise from the same contract and same events will ordinarily be part of the same case or controversy." *McCoy v. Iberdola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014). This analysis generally first requires identifying the "nucleus of operative facts" underlying the original claim and then assessing whether the supplemental claim "ha[s] a basis in at least a portion of those facts." *Id.* at 683-84. In other words, the additional facts should "form[ ] a subset of the facts supporting" the original claim. *Id.* at 683.

There are material differences between Mr. Vincent's FLSA claim and Mr. Voils's defamation and IIED claims. Mr. Vincent's FLSA claim is based on allegations that Mr. Voils failed to pay Mr. Vincent for overtime and holidays, failed to withhold payroll taxes, failed to pay the employer's portion of Mr. Vincent's Social Security and Medicare taxes, failed to make unemployment compensation payments, and failed to return various personal property items belonging to Mr. Vincent. Mr. Voils's counterclaims, however, focus on Mr. Vincent's text messages demonstrating his general negative opinion of Mr. Voils. Mr. Voils argues that his claims against Mr. Vincent arise out of the same operative facts as Mr. Vincent's claims, but the statements made by Mr. Vincent in the text messages do not discuss or relate in any way to Mr. Vincent's allegations in his Complaint.[3] The broad working relationship between the parties is not

---

[3] Mr. Voils argues that Mr. Vincent's state law claim relating to the alleged wrongful appropriation of Mr. Vincent's personal property "opens the door to the relationship between the parties, i.e., did Voils take Vincent's property, and if so, what was the reason." [Filing No. 14 at 3.] However, this separate state law claim is not the one that is relevant to the consideration of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to **claims in the action *within such original jurisdiction*. . . .**") (emphasis

4

enough to provide a common nucleus of operative fact. *See Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1018 (N.D. Ill. 2009) (noting that "courts have held that an employment relationship alone is insufficient in an FLSA case to provide a common nucleus of operative fact establishing supplemental jurisdiction over the employer's state law claims against the employee"). Mr. Voils's defamation and IIED counterclaims do not share even a loose factual connection with Mr. Vincent's FLSA claim, and they are too attenuated from Mr. Vincent's FLSA claim to constitute the same case or controversy for purposes of supplemental jurisdiction.[4] The Court therefore **GRANTS** Mr. Vincent's Motion to Dismiss Mr. Voils's Counterclaim for lack of jurisdiction.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Vincent's Motion to Dismiss Counterclaim for lack of subject matter jurisdiction. [11]

Date: 6/6/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

added). Here, the operative claim for purposes of supplemental jurisdiction is the FLSA claim, which is the only claim within this Court's original jurisdiction.

[4] To the extent Mr. Voils argues that the text messages and allegations underlying the defamation and IIED claims may bear on Mr. Vincent's credibility, the Court is making no ruling on that issue and leaves open the question of whether such evidence may be admissible at trial.